IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00555-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  ANDRES JAQUIN LUNA, III,

    Defendant.
_____

# ORDER
_____

The matter before the Court is the Motion for Compassionate Release and Appointment of Counsel [Docket No. 100], filed by defendant Andres Luna.[1] The government filed a response opposing the motion. Docket No. 102.

## I.   BACKGROUND

On June 28, 2019, Mr. Luna pled guilty to one count of distribution and possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and one count of possession of a machinegun in violation of 18 U.S.C. § 922(o). Docket No. 44; Docket No. 45 at 2. On November 22, 2019, the Court sentenced Mr. Luna to 188 months imprisonment, followed by five years of supervised release. Docket No. 92 at 1–2. At the time Mr. Luna filed his motion for compassionate release, he was imprisoned at FCI Big Spring, a low-security federal correctional institution in Texas. *See* Federal Bureau of Prisons, Inmate Locator (Nov.

---

[1] Because Mr. Luna is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

18, 2024), https://www.bop.gov/inmateloc/. Mr. Luna is currently imprisoned at FCI La Tuna, a low-security federal correctional institution in Texas with an adjacent minimum-security satellite camp, and he has a projected release date of April 4, 2031. *See* Federal Bureau of Prisons, Inmate Locator (Jan. 13, 2024), https://www.bop.gov/inmateloc/.

On May 16, 2024, Mr. Luna filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[2] Docket No. 100. Mr. Luna argues that the risks he faces from COVID-19 due to his weight, Type 2 diabetes, hypertension, neuropathy, history of heart problems, and prior COVID-19 infections constitute extraordinary and compelling reasons warranting his release. *Id.* at 4. The government responds that Mr. Luna has failed to demonstrate extraordinary and compelling circumstances and that the 18 U.S.C. § 3553 factors weigh against a sentence reduction. Docket No. 102 at 2–15.

## II.     LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A)(i), known as the "compassionate release" provision, a district court may grant a motion by the defendant or the director of the Bureau of Prisons ("BOP") for a reduction of sentence if three requirements are met. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The requirements are that "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with

---

[2] Although Mr. Luna's motion is titled Motion for Compassionate Release and Appointment of Counsel, the motion does not otherwise request the appointment of counsel. *See* Docket No. 100. For the reasons discussed in this order, the Court will deny Mr. Luna's request for compassionate release. Because the Court will deny Mr. Luna's motion for compassionate release and because Mr. Luna does not address why he should be appointed counsel, the Court finds that it is unnecessary to consider whether Mr. Luna should be appointed counsel at this time.

2

applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *Id.*  A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release.  *Id.* at 1043.

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not applicable under the First Step Act when a motion is brought by a defendant.  *See McGee*, 992 F.3d at 1050.  Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release.  *See id.* (reasoning that, because the guidelines are not "applicable," they "cannot constrain district courts' discretion" (citation omitted)). However, a court may conclude that the application notes to U.S.S.G. § 1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

Additionally, a district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory "claim-processing rule," not a jurisdictional rule. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (holding that the government waived exhaustion argument by failing to raise it on appeal).  "[T]he exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it."  *United*

*States v. Gieswein*, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) (unpublished); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (unpublished) ("In this circuit, however, § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable."). The government recognizes in its response that Mr. Luna has exhausted his administrative rights, and the Court has jurisdiction to consider the merits of his motion. *See* Docket No. 102 at 2 ("The defendant has exhausted administrative remedies because he submitted his request to the warden prior to filing his motion.") (footnote omitted).

### III.    ANALYSIS

Mr. Luna argues that the risks he faces from COVID-19 present extraordinary and compelling circumstances. Docket No. 100 at 4. Mr. Luna asserts that he has comorbid health conditions that place him at higher risk from COVID-19. *Id.* Mr. Luna states that he is obese, weighing over four hundred pounds. *Id.* He claims that he has Type 2 diabetes, hypertension, a history of heart problems, PTSD, and neuropathy. *Id.* at 4–5. Mr. Luna also notes that he has previously been infected with COVID-19, which he claims has compromised his immune system. *Id.* at 4; Docket No. 102 at 5, ¶ 7 (review of Mr. Luna's medical records indicates that he has contracted COVID-19 three times). Mr. Luna argues that pandemic-induced conditions of confinement can constitute extraordinary and compelling circumstances warranting compassionate release.[3] Docket No. 100 at 7. Mr. Luna states that the medical department at FCI Big

---

[3] Mr. Luna also claims that his "[d]eteriorating mental and physical health conditions can be extraordinary and compelling reasons justifying release." Docket No. 100 at 7. Although Mr. Luna identifies various medical conditions which he suffers from, he provides no evidence that either his physical or mental health is deteriorating. Nor does he provide any argument that his deteriorating health is due to the conditions of his confinement or that the BOP is unable to manage his health needs. Finally, Mr. Luna's arguments are directed to the risks he faces from COVID-19, which he claims

4

Springs is unable to effectively monitor the spread of COVID-19.[4]  *Id.* at 11.  He claims that certain individuals infected with COVID-19 may have long-term symptoms and are at elevated risk of strokes, heart attacks, and blood clots.  *Id.*  He maintains this risk would be further compounded by his other health conditions.[5]  *Id.*  Finally, Mr. Luna asserts that "[t]he Covid vaccines do not provide fool-proof protection from reinfection" and that he "remains a higher risk of severe illness or death despite being vaccinated." *Id.* at 14.  Moreover, Mr. Luna claims that "[c]urrently no vaccines are being mentioned by staff," which implies that Mr. Luna is uncertain as to whether he will receive another vaccination against COVID-19.  *Id.* at 15.

"The existence of the COVID-19 pandemic no doubt can be described as extraordinary insofar as it is beyond what is usual, customary, regular, or common." *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (citations, alterations, and quotations omitted).  "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances."  *Id.*; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release").  "[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an

---

are compounded by his other health conditions.  Accordingly, the Court will consider only whether the risks Mr. Luna faces from COVID-19 present compelling circumstances warranting compassionate release.

[4] Mr. Luna provides no information regarding whether medical department at FCI La Tuna is better able monitor the spread of COVID-19.

[5] Mr. Luna does not indicate whether he has had long term side effects from his previous COVID-19 infections.  *See* Docket No. 100 at 11.

'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

Mr. Luna has been vaccinated against COVID-19 three times. *See* Docket No. 100 at 14; Docket No. 102 at 5, ¶ 7. He has also contracted COVID-19 three times and presents no evidence that he faced serious complications from these infections. *See* Docket No. 100 at 4, Docket No. 102 at 5–6, ¶¶ 7–8. Mr. Luna's contention that "vaccines do not provide fool-proof protection from reinfection," Docket No. 100 at 14, fails to show that the availability of an effective vaccine does not reduce the risk of harm from COVID-19 exposure to the point that such risk is no longer an extraordinary reason for immediate release. *Broadfield*, 5 F.4th at 803. Moreover, Mr. Luna's claim that "[c]urrently no vaccines are being mentioned by staff," Docket No. 100 at 15, is insufficient to show that Mr. Luna does not have access to the vaccine. His doubt as to whether he will receive the vaccine in the future is further undercut by the fact that Mr. Luna has received the vaccine three times while incarcerated. Finally, Mr. Luna has presented no evidence that his other medical conditions are not being adequately treated during his incarceration. As such, the Court finds that Mr. Luna has not shown extraordinary and compelling circumstances that warrant his release.

### IV. CONCLUSION

It is therefore

**ORDERED** that the Motion for Compassionate Release and Appointment of Counsel [Docket No. 100] is **DENIED**. It is further

**ORDERED** that the Motion for Final Order and Memorandum [Docket No. 105] is **DENIED as moot**. It is further

**ORDERED** that the Motion to Request Final Judgement [sic] and Memorandum [Docket No. 107] is **DENIED as moot**.

DATED January 13, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge